UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Darlene Carmicle**<br>3518 East 91st Street<br>Cleveland, Ohio 44105<br><br>　　　　**Plaintiff,**<br>　v.<br><br>**Convergent Outsourcing, Inc.**<br>800 SW 39th Street<br>Renton, WA 98055<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>　　　　**Defendants.** | **CASE NO.:** 1:15-cv-1357<br><br>**JUDGE**<br><br><br>**COMPLAINT**<br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Darlene Carmicle, and sets forth a *Complaint* against Defendants Convergent Outsourcing, Inc. and Defendant John and Jane Does 1 – 10 as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Darlene Carmicle ("Plaintiff"), is an adult individual whose residence is in Cleveland, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington business entity with an address of 800 Southwest 39th Street, Renton, Washington 98055, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for Atlantic, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Convergent at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Convergent for collection, or Convergent was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Convergent Engages in Harassment and Abusive Tactics**

12. On or about February 8, 2015, Plaintiff mailed Convergent a letter requesting that all telephone communication to her cease.

13. Convergent acknowledged that it received Plaintiff's cease request in a letter dated February 20, 2015.

14. Nevertheless, Convergent called Plaintiff on March 30, 2015.

**C. Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**Violations of the FDCPA - 15 U.S.C. § 1692, et seq.**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

19. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt, in violation of 15 U.S.C. § 1692d.

20. Defendants used unfair and unconscionable means to collect the Debt, in violation of 15 U.S.C. § 1692f.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damage; and

5. Such other and further relief as this Court may determine to be just and proper.

Dated: July 8, 2015

Respectfully submitted,

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Darlene Carmicle

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                                                               /s/ *Sergei Lemberg*
                                                                                Sergei Lemberg, Esq.